**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 15-cv-02794-REB

CYNTHIA B. MANZANARES,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

Defendant.

---

**ORDER RE: PLAINTIFF'S APPLICATION FOR AN AWARD OF ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT**

---

**Blackburn, J.**

The matter before me is **Plaintiff's Application for an Award of Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412** [#24],[1] filed July 27, 2016. I grant the motion in part.

Plaintiff filed this appeal contesting the Commissioner's denial of her application for disability insurance benefits under Title II of the Social Security Act. Following the submission of plaintiff's opening brief, the Commissioner filed a motion to remand the case under sentence four of the Act. Plaintiff opposed that motion, claiming the Commissioner's request to remand "without a decision on the merits is contrary to applicable Tenth Circuit case law and contrary to the Social Security Act." (**Plf. Resp. to Def. Motion for Remand** ¶ 2 at 1 [#18], filed April 27, 2016.) This court disagreed

---

[1] "[#24]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

and remanded the case to the Commissioner for further proceedings, noting "[p]laintiff reads too much into sentence four if she believes it requires the court to address all her arguments substantively before determining whether remand is appropriate." (**Order for Remand and Judgment** [#22], filed May 18, 2016.)

Counsel for plaintiff now seeks attorney fees of $15,674.85 fees for 91.1 hours of work performed in connection with this appeal, more than two-thirds of which (65.6 hours) is attributable to drafting the opening brief. Under the Equal Access to Justice Act ("EAJA"), a prevailing party (other than the United States) is entitled to recoup her attorney fees in a proceeding for review of agency action, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Commissioner apparently concedes plaintiff is the prevailing party and therefore entitled to some amount of attorney fees.[2] However, she argues the requested fees are not reasonable. ***See Commissioner, Immigration and Naturalization Service v. Jean***, 496 U.S. 154, 161, 110 S.Ct. 2316, 2320, 110 L.Ed.2d 134 (1990) ("[O]nce a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in ***Hensley*** [***v. Eckerhart***, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)].").

The starting point for any calculation of a reasonable attorney's fee is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable

[2] The Commissioner argues her offer to remand constitutes a "special circumstance" that should bar plaintiff from recovering fees incurred after the date the offer was made. The court finds it unnecessary to examine the somewhat murky scope of the special circumstances exception to the EAJA in order to reach the same conclusion.

hourly rate. ***Hensley***, 103 S.Ct. at 1939; ***Malloy v. Monahan***, 73 F.3d 1012, 1017-18 (10th Cir. 1996). There is a strong presumption that the amount thus calculated represents a reasonable fee for purposes of fee-shifting statutes. ***Homeward Bound, Inc. v. Hissom Memorial Center***, 963 F.2d 1352, 1355 (10th Cir. 1992). Here, the reasonable hourly rate is set by statute, ***see*** 28 U.S.C. § 2412(d)(2)(A), as adjusted by a cost-of-living enhancement factor, ***see Taylor v. Colvin***, 2015 WL 2375907 at *2-3 (D. Colo. May 15, 2015), and is agreed to be $191.18 per hour. The only remaining question, therefore, is whether the number of hours claimed is reasonable.

The court finds most emphatically that it is not. Indeed, the court frankly is flabbergasted by counsel's requested fee. Based on this court's own experience in such matters, the amount claimed is more than three times the typical attorney fee awarded in social security appeals which have proceeded to a full resolution on the merits. A number of considerations inform this court's conclusion that the number of hours expended by counsel is unreasonable and excessive, and therefore must be reduced.

First, nearly a quarter of the time counsel spent in drafting the opening brief was expended *after* the Commissioner offered to remand the case voluntarily. Counsel's claim that he could not suspend drafting because of the impending deadline to submit the brief rings hollow, since he never sought an extension.[3] Likewise, the time counsel devoted to contesting the remand, premised on legal arguments that were questionable

---

[3] The court routinely grants extensions of the deadlines for the filing of briefs for good cause, a requirement which the Commissioner's offer voluntarily to remand certainly would have satisfied. (***See*** **Joint Case Management Plan** ¶ 11 at 4 [#13], filed March 3, 2016.)

at best, was not reasonable and thus is not properly recoverable.

Yet even subtracting those hours from the total, the claim for all the remaining time devoted to the preparation of the opening brief still is unreasonable. In determining the reasonable number of hours spent on the litigation, counsel must exercise the same "billing judgment" as he would in setting fees for a paying client. ***Hensley***, 103 S.Ct. at 1941; ***Malloy***, 73 F.3d at 1018. "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." ***Hensley***, 103 S.Ct. at 1940 (citation and internal quotation marks omitted; emphases in original). Counsel therefore must make a good faith effort to exclude hours that are "excessive, redundant or otherwise unnecessary." ***Id***. at 1939-40.

Counsel avers to have made such an effort by reducing his requested fee by ten percent, but this concession still fails to produce a reasonable attorney fee in this case. ***See Praseuth v. Rubbermaid, Inc.***, 406 F.3d 1245, 1257 (10th Cir. 2005) ("The trial judge is not obligated to accept the fee applicant's billing judgment uncritically."). The exorbitant fee sought here is the result largely of counsel's decision to pursue an aggressive litigation position, advancing a novel challenge to the reliability of the methodology on which vocational experts rely. Although it certainly was counsel's right to use this appeal as a test case for his arguments, his zeal must be tempered by the fact that he seeks reimbursement not from the client who hired him, but from the public fisc. ***See*** 28 U.S.C. § 2412(d)(4); ***Jankovich v. Bowen***, 868 F.2d 867, 870 (6th Cir. 1989). "In contrast to a private fee agreement between a party and his attorney in which a party may agree to an aggressive litigation strategy and the inevitably resultant

higher fees," ***Praseuth***, 406 F.3d at 1257, when the attorney's fee will be paid from public funds, the court bears the burden to "ensure that taxpayers are required to reimburse prevailing parties for only those fees and expenses actually needed to achieve a favorable result," ***Honeycutt v. Colvin***, 2016 WL 4000930 at *7 (D. Kan. July 26, 2016) (citations and internal quotation marks omitted).

Here, the hours expended far outstrip the result achieved. Although the remand worked a reversal of the Commissioner's disability decision, plaintiff has not yet achieved success on the merits of the issues which consumed so much of counsel's time. When a plaintiff has achieved only limited success on the merits,

> the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. . . . Again, the most critical factor is the degree of success obtained.

***Hensley***, 103 S.Ct. at 1941. The court has discretion to reduce the requested award to account for such literal, but limited, success, and it "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." ***Id.***

Moreover, counsel's familiarity with the evidence and the issues in this case – coupled with his professed extensive experience in social security cases generally and the particular vocational issues addressed in this appeal specifically – arguably should have produced certain efficiencies which nevertheless are not reflected in the number of hours claimed. ***See O'Brien v. Airport Concessions, Inc.,*** 2015 WL 232191 at *4 (D. Colo. Jan. 16, 2015) (hours claimed not reasonable in light of counsel's long experience

in relevant area of practice); ***Hinck v. Colvin***, 2015 WL 6473562 at *3 (D. Kan. Oct. 27, 2015) (counsel's long representation of plaintiff "should have increased his familiarity with the facts and reduced the time necessary to review the record and to identify and address issues raised").

Given all these considerations, the court finds and concludes that a reduction in the requested fee unequivocally is required. The Commissioner has suggested a number of specific entries that should be eliminated, which analysis leads her to suggest plaintiff is entitled to $8.698.69 in attorney fees for 45.5 hours of work. This amount still strikes this court as excessive in the context of this case.[4] In exercising its discretion in setting the amount of fees, the court is mindful of the Supreme Court's admonition that

> [t]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.

***Fox v. Vice***, 563 U.S. 826, 838131 S.Ct. 2205, 2216, 180 L.Ed.2d 45 (2011). Thus, "[w]here an attorney has failed to exercise billing judgment, the court may do so for him by striking problematic entries or by reducing the hours requested by a percentage intended to substitute for the exercise of billing judgment." ***Garcia v. Midland Credit Management, Inc***., 2015 WL 4911544, at *3 (D. Colo. Aug. 18, 2015).

---

[4] Given that an award under the EAJA will come out of public monies, the court feels no more constrained by the Commissioner's suggested estimate of a reasonable attorney fee than it is by plaintiff's.

"[A] 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious . . . case." ***Perdue v. Kenny A. ex rel. Winn***, 559 U.S. 542, 552, 130 S.Ct. 1662, 1672-73, 176 L.Ed.2d 494 (2010). Numerous courts have noted that an average of 20 to 40 hours of attorney time is typically expended to prosecute a social security appeal through to judgment on the merits in federal court. ***See Hayes v. Secretary of Health and Human Services***, 923 F.2d 418, 422 (6th Cir. 1990); ***Medina v. Astrue***, 2010 WL 1254835 at *3 (D. Colo. Mar. 26, 2010); ***Lavoie v. Colvin***, 2016 WL 4181323 at *3 (D. Kan. Aug. 8, 2016).

Having considered all these factors, the court concludes that the time reasonably expended in this case should have fallen in the middle of this range, or approximately 30 hours, which represents slightly more than half the hours counsel claims prior to the Commissioner's offer to remand. At $191.18 per hour, the lodestar calculation yields a final attorney fee award of $5,735.40, a figure which is in line with fee awards in social security appeals which have been fully resolved on the merits. In this court's estimation, $5,735.40 represents a reasonable attorney fee in this case.[5]

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's Application for an Award of Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412** [#24], filed July 27, 2016, is granted in part as set forth in this order; and

---

[5] In addition, the award is payable to plaintiff, rather than her attorney. ***See Astrue v. Ratliff***, 560 U.S. 586, 591-92, 130 S.Ct. 2521, 2525-26, 177 L.Ed.2d 91 (2010) (interpreting 28 U.S.C. § 2412(d)(1)(A)); ***Manning v. Astrue***, 510 F.3d 1246, 1254 (10th Cir .2007), ***cert. denied***, 129 S.Ct. 386 (2008). ***See also Brown v. Astrue***, 271 Fed. Appx. 741, 473 (10th Cir. March 27, 2008) ("Whether an award of attorneys' fees under the [EAJA] ultimately redounds to the benefit of counsel depends upon the private contractual arrangements between the attorney and the client.") (citation and internal quotation marks omitted).

2. That plaintiff is awarded $5,735.40 in attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A).

Dated November 10, 2016, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge